IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PHILLIP KEVIN HAYNES,

    Plaintiff,

v.                                         Civil Action No. 5:09CV128
                                                    (STAMP)
BAYER MATERIALSCIENCE, LLC
and ROSEANNE J. KELLER,[1]

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT ROSEANNA J. KELLER'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I. <u>Procedural History</u>

The plaintiff, Phillip Kevin Haynes, commenced this civil action asserting claims for fraudulent concealment and age discrimination against defendants Bayer MaterialScience, LLC ("Bayer MaterialScience") and Roseanna J. Keller ("Keller"). Defendant Keller filed a motion to dismiss the plaintiff's complaint as against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The plaintiff filed a response in opposition, to which defendant Keller filed a reply. For the reasons set forth below, this Court grants defendant Keller's motion to dismiss.

---

[1] The plaintiff's complaint refers to this defendant as "Roseanne J. Keller." However, defendant Keller's motion to dismiss repeatedly references this defendant as "Roseanna J. Keller." This Court will refer to the defendant hereafter as "Roseanna J. Keller."

## II. Facts[2]

The plaintiff was an employee of Bayer MaterialScience from approximately 1979 until October 31, 2007, at which time he accepted a buyout and ended his employment. Bayer MaterialScience required the plaintiff to annually undergo a physical examination by a retained doctor to determine his fitness for employment. At those examinations, a nurse would conduct various tests, and the doctor would later discuss the results with the plaintiff.

On or about October 23, 2007, the plaintiff had his annual examination, at which the nurse informed him that his EKG test was not normal. Nevertheless, the plaintiff alleges that he was never given the opportunity to discuss these irregular test results with the doctor. Approximately six days later, the plaintiff had an exit interview. Alleging that the defendants,[3] Bayer MaterialScience and Keller, fraudulently concealed the severity of the plaintiff's condition, the plaintiff accepted a buyout offer that, among other things, caused a decrease in the plaintiff's healthcare benefits. At that time, the plaintiff was fifty years of age.

---

[2] In accordance with the applicable standard of review, stated below, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

[3] Throughout the complaint, the plaintiff often refers to a "defendant" rather than the "defendants" as listed in the style. This Court assumes that the plaintiff meant to refer to the "defendants" in this instance.

2

Thereafter, the plaintiff moved to North Carolina where he began to experience health problems related to his atrial fibrillation. He contends that he has incurred uncovered medical expenses and has been unable to find long-term work due to his condition. Had he been informed of this condition, the plaintiff argues, he would have declined the buyout and maintained employment at Bayer MaterialScience.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion

also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

Defendant Keller argues that the claims against her must be dismissed because these claims constitute a legal impossibility, as a corporation cannot conspire with its employees. Moreover, she argues that even if it was legally possible for her and Bayer MaterialScience to conspire with each other, she could not have concealed medical information from the plaintiff. The plaintiff

4

responds that defendant Keller's motion to dismiss is premature because discovery has yet to begin, and facts may develop through discovery tending to prove the allegations against defendant Keller.

After a thorough review of the record, this Court finds that dismissal of the claims against defendant Keller is warranted because the plaintiff fails to plead sufficient facts under Rule 8 of the Federal Rules of Civil Procedure. The plaintiff references defendant Keller only twice in his complaint. In the first reference, the complaint states, "That defendant, Roseanne Keller, is a resident of Marshall County, West Virginia." (Compl. at 1.) The second reference claims that "Defendants Bayer Corporation[4] and/or Roseanne Keller conspired to terminate Plaintiff by fraudulently inducing him to accept a buyout which was unfavorable to him, particularly with respect to health insurance benefits." (Compl. at 5.)

Neither of these references, however, plausibly state a ground for relief. Indeed, throughout the entirety of the complaint, the plaintiff fails to even mention who defendant Keller is in relation to Bayer MaterialScience. Defendant Keller, in her motion to dismiss, indicates that she is an employee with the Human Resources Department at Bayer MaterialScience. (Reply to Mot. to Dismiss at

---

[4]This Court notes that Bayer Corporation is not a named defendant in this civil action. This Court assumes that the plaintiff mistakenly references Bayer Corporation instead of Bayer MaterialScience.

5

2.) Assuming that defendant Keller is an employee, this Court recognizes that it is well-settled under West Virginia law that a corporation cannot conspire with its employees:

> A conspiracy requires at least two persons, and a corporation can act only through its agents or employees. Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage.

Cook v. Heck's Inc., 342 S.E.2d 453, 460 (W. Va. 1986) (internal citations and quotations omitted). See also Ridgeway Coal Co., Inc. v. FMC Corp., 616 F. Supp. 404, 408-09 (S.D. W. Va. 1985) ("To hold that a corporation can conspire with its employees would be to effectively hold that a corporation could conspire with itself."). Defendant Keller, therefore, could not have "conspired to terminate [the] plaintiff," as the complaint alleges.

Furthermore, the plaintiff's argument that defendant Keller could conspire with the corporation if her actions were outside the scope of her employment is unavailing. Such facts are not alleged in the complaint, and even the plaintiff admits that this set of circumstances is only "possible." (Resp. at 2.)

In that the plaintiff does not allege that defendant Keller is an employee, assuming on the contrary that this defendant is <u>not</u> actually an employee at Bayer MaterialScience, the plaintiff has still failed to state a claim. "[A] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." Dixon v. Am. Indus.

6

Leasing Co., 253 S.E.2d 150, 152 (W. Va. 1979). The plaintiff has not sufficiently pleaded an unlawful purpose or any unlawful means. Instead, the plaintiff has "failed to support [his] claims with anything more than labels and conclusions . . . ." Clendenin v. Wells Fargo Bank, N.A., 2009 WL 4263506, at *4 (S.D. W. Va. Nov. 24, 2009) (internal quotations omitted).

Finally, Rule 11 of the Federal Rules of Civil Procedure requires that attorneys and litigants make a reasonable investigation of the law and facts before submitting a pleading, and "[they] may not file suit hoping that discovery will later show that a claim was proper . . . ," a strategy the plaintiff is trying to employ. 2 Moore's Federal Practice, § 11.11 (Matthew Bender 3d ed. 2000). Accordingly, the claims against defendant Keller must be dismissed.[5]

## V. Conclusion

For the reasons stated above, this Court finds that defendant Roseanna J. Keller's motion to dismiss must be GRANTED. Accordingly, all claims against this defendant are DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

---

[5] In light of this holding, this Court does not reach defendant Keller's alternative argument as to whether she could have concealed medical information from the plaintiff.

DATED:      May 27, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE